UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| APRIL FAVORS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:22-cv-00552 (UNA) |
| | ) |
| GREG ABBOTT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court will grant the IFP application and dismiss the case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that the subject matter jurisdiction is wanting).

Plaintiff, a resident of Leander, Texas, sues the Governor of Texas and the Texas Department of Public Safety. The complaint is far from a model in clarity. Plaintiff seems to allege that an incident transpired when she was at the Texas Supreme Court in January 2022 to "file paperwork." She contends that she was harassed by the court clerks and asked to leave the building, which caused her emotional damage. The relief sought is unspecified.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

1

Here, all of the parties are located in Texas and the amount in controversy is unknown, therefore, plaintiff has dually failed to establish diversity jurisdiction. Moreover, there is no indicia that this matter is connected whatsoever to the District of Columbia. The complaint also fails to raise any federal question. For these reasons, this matter will be dismissed for want of subject matter jurisdiction. A separate order accompanies this memorandum opinion.

Dated: May 13, 2022

TREVOR N. McFADDEN
United States District Judge